ROBERT T. HARRINGTON *vs.* WILLIAM E. HALL.

*Trespass; Dog—Registered—Personal Property—Killing—Justifiable; When Attacking another's Property—Not Justifiable; When merely Trespassing—Damages— Not Exemplary.*

1. When a dog is registered under the act, Chapter 48, Vol. 16, Laws of Delaware, he becomes personal property, and as such is the subject of larceny. Any one unlawfully killing a dog so registered is liable to the owner for the value of the dog.

2. A person may not maliciously injure or kill a dog for a mere trespass upon his premises, and the posting of notices against trespassing by dogs will not therefore excuse or justify an unlawful killing of a dog found upon the premises. The remedy for such trespassing is, in a proper case, against the owner of the dog.

3. If the dog of the plaintiff was on the land of the defendant and in the act of destroying his turkeys, at the time he was killed by the defendant, or by his son under the father's directions, the killing was justifiable and the plaintiff cannot recover. If the dog was not attacking the turkeys, but was running across the defendant's field in pursuit of a fox, or was merely trespassing upon the premises of the defendant, the killing was without justification and the plaintiff would be entitled to recover.

4.  If the dog was killed by the son of the defendant, either under the general or special direction of the father, the act of killing was, in contemplation of law, the act of the defendant.

5.  The case not considered by the Court a proper one for punitive or exemplary damages, the measure of damages would be simply the value of the dog as shown by the testimony.

6.  At common law the owner of a dog might maintain a civil action for the unlawful injury thereto or killing thereof.

(*May* 3, 1906.)

JUDGES SPRUANCE and BOYCE, sitting.

*Richard R. Kenney* and *Arley B. Magee* for plaintiff.

*Robert C. White* for defendant.

Superior Court, Kent County, April Term, 1906.

ACTION OF TRESPASS ON THE CASE (No. 11, April Term, 1905) to recover damages for the killing of a foxhound belonging to the plaintiff. The facts appear in the charge of the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—The plaintiff brought an action of trespass against the defendant for an alleged malicious shooting and killing his foxhound, and he seeks to recover for his loss occasioned thereby.

The plaintiff claims that his dog was trained to hunt foxes and that he was valuable—and that on the occasion when his dog was shot and killed, he and some neighbors with their dogs, were in pursuit of a fox, and that when the dogs were in the chase, crossing the field of the defendant in this county, the defendant himself or his son by his direction, shot and killed the dog of the plaintiff while in the field of the defendant. The defendant admits that his son did shoot and kill a dog in his field on the day as alleged by the plaintiff, but he denies that he directed his son, at the time, to shoot the dog. He claims that previously to the time of the alleged shooting, a large number of his turkeys had been killed by dogs and that for the protection of his fowls he had posted notices on his farm forbidding trespassing by dogs or hunters, and that at or about the same

time he had given directions both to his son and to a hired servant to shoot dogs trespassing upon his premises. The son of the defendant admits that on the day on which the plaintiff claims his dog was killed, he did shoot and kill a foxhound when in the act of killing a turkey in a flock belonging to and in the field of his father, but without knowing then or now whose dog it was. And the defendant admits that at the time he was in the field nearby and that shortly thereafter he took the turkey so killed to his house.

At common law, the owner of a dog might maintain a civil action for the unlawful injury thereto or killing thereof. There is evidence in this case that the plaintiff's dog was registered under an act of Assembly, at the time when, it is alleged, he was shot and killed—said Act being *Chapter* 48, *Volume* 16, *Laws of Delaware*; and if you find that the dog was, at the time of the killing, so registered, he was the personal property of the owner, and as such was the subject of larceny—and any person unlawfully killing a dog registered under said act is unquestionably liable to the owner thereof for the value of the dog.

A person may not maliciously injure or kill a dog for a mere trespass upon his premises, and the posting of notices against trespassing by dogs will not thereafter excuse or justify an unlawful killing of a dog found upon the premises. The remedy against such trespassing is, in a proper case, against the owner of the dog.

The defendant justifies the killing of a dog, whosever it was, on the day in question, because, as he claims, the dog was at the time of the shooting in the act of killing one of a flock of his turkeys then upon his premises. We say to you that if you find under the evidence that the defendant himself, or his son under the father's directions, did kill the plaintiff's dog under such circumstances, it was justifiable and the plaintiff would not be entitled to recover. For if the dog was upon the land of the defendant in the act of destroying his turkeys, the defendant was justified in killing him. If however, you find that the plaintiff owned the dog and the latter did not so attack the defendant's turkeys, but was running across the field of the defendant

in pursuit of a fox, or was merely trespassing upon the premises of the defendant, then if the dog was killed by the defendant or by another by his direction, it was un unawful killing and without justification, and your verdict should be for the plaintiff.

If you find that the dog was killed by the son of the defendant, either under the general or special direction of his father, then the act of killing was, in contemplation of law, the act of the defendant. Whether the dog which, it is admitted, was killed, was owned by the plaintiff, you will determine from all the facts and circumstances surrounding this case as testified to by the witnesses.

You are the exclusive judges of the testimony. To entitle the plaintiff to recover you must be satisfied that his dog was killed; that he was killed either by the defendant or by his direction; that he was killed maliciously and without justification; and we submit these questions of fact to you for your determination. When there is a conflict in the evidence upon any material point, it is your duty to reconcile it if you can, and if it is irreconcilable you should accept as true such evidence as you believe is most entitled to credit, taking into consideration the character of the witnesses, their apparent fairness and accuracy, their disinterestedness and all the other circumstances of the case as disclosed by the evidence.

If you find for the plaintiff, we do not think under all the facts of this case, that it is a proper case for punitive or exemplary damages, and your verdict should be limited to the value of the dog which you will determine from those witnesses who gave testimony as to the value of the same.

You will now take the case and give it your careful and conscientious consideration and determine it upon the evidence produced before you without regard or consideration for the parties to the suit, and render your verdict for that party in whose favor the evidence seems to preponderate. Doing that, you will have fully discharged your duty in this case.

Verdict for plaintiff for $50.